IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ARTURO CERVERA,<br>　　Plaintiff,<br><br>v.<br><br>MEGAN J. BRENNAN,<br>POSTMASTER GENERAL<br>OF THE UNITED STATES<br>POSTAL SERVICE,<br>　　Defendant. | §<br>§<br>§<br>§<br>§　　EP-15-CV-11-PRM<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S AMENDED MOTION TO DISMISS

On this day, the Court considered Defendant Megan J. Brennan's[1] "Amended Motion to Dismiss" (ECF No. 10) [hereinafter "Motion"], filed on April 20, 2015; and Plaintiff Arturo Cervera's "Response in Opposition to Defendant's Amended Motion to Dismiss, and in the Alternative, Plaintiff's Motion for Leave to Amend Complaint" (ECF No. 13) [hereinafter "Response"], filed on May 4, 2015, in the above-captioned cause. After due consideration, the Court is of the opinion

---

[1] Plaintiff's Complaint listed Patrick R. Donahoe, the former Postmaster General of the United States Postal Service, as the Defendant. However, pursuant to Federal Rule of Civil Procedure 25(d), Megan J. Brennan, as the current Postmaster General of the United States Postal Service, is automatically substituted as the Defendant in this case.

that Defendant's Motion should be granted for the reasons that follow and that Plaintiff should be granted leave to amend his Complaint.

## I.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND

In his Complaint, filed on January 16, 2015, Plaintiff alleges that his employer, the United States Postal Service ("USPS"), subjected him to a hostile work environment on the basis of disability and retaliated against him for previously filing an Equal Employment Opportunity ("EEO") complaint in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a.  Compl. 2, ECF No. 1.  Specifically, Plaintiff contends that he filed an EEO Complaint "in or around" 1994.  *Id.*  Then, in early 2013, Plaintiff participated in the "Redress Process."[2]  *Id.*  Plaintiff further alleges that beginning in November 2013, "Plaintiff's supervisors have subjected him to an unlawfully hostile work environment, because of his disability and/or in reprisal for his prior protected activity."  *Id.*  Consequently, Plaintiff filed an EEO complaint with the USPS on February 28, 2014.  *Id.* 3.  He then filed the present action within ninety days of his receipt of the USPS's final agency decision.  *Id.*

---

[2] Plaintiff gives no indication of what the "Redress Process" is or why this fact is important to his claim.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davila v. United States*, 713 F.3d 248, 255 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted), it must state "more than labels and conclusions," *Twombly*, 550 U.S. at 555. "[F]ormulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, at this stage, the Court must determine whether the well-pleaded facts in Plaintiff's Complaint, taken as true and viewed in the light most favorable to Plaintiff, are sufficient to "move [his] claim 'across the line from conceivable to

3

plausible.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, courts are generally limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III. ANALYSIS

To prevail on a hostile work environment claim pursuant to the Rehabilitation Act, a plaintiff must prove the following:

> (1) that [he] belongs to a protected group; (2) that [he] was subjected to unwelcome harassment; (3) that the harassment complained of was based on [his] disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action.

*Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 506 (5th Cir. 2002). To prevail on a retaliation claim pursuant to the Rehabilitation Act, a plaintiff must prove that "1) he engaged in protected activity, 2) he

4

suffered an adverse employment decision, and 3) a causal link exists between the protected activity and the adverse employment decision." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001).

Defendant argues that Plaintiff's claims should be dismissed because "Plaintiff impermissibly does little more than recite the elements of his causes of action, without providing any factual support for his conclusory allegations." Mot. 3. In contrast, Plaintiff asserts that he "does significantly more than recite the elements of his cause of action in his Complaint." Resp. 3. Specifically, Plaintiff highlights for the Court that his Complaint alleges facts showing that he timely filed an EEO complaint and that he timely filed his lawsuit within the proper timeframe after receiving notice of the USPS's decision on his EEO complaint. *Id.* However, these facts merely establish that Plaintiff's claims are ripe and not time-barred; they do not provide factual support for Plaintiff's claims.

Plaintiff also asserts that "[he] ha[s] provided Defendant with significant information regarding the details of his hostile work environment claim, and [he] incorporated, by reference, all of that information into his Complaint." *Id.* 4. Yet, Plaintiff attached none of

5

this information to his Complaint. He did, however, attach a copy of his EEO complaint to his Response. Resp. Ex. 2, ECF No. 13-2. Because the EEO complaint was referred to in Plaintiff's Complaint, the Court will consider it in deciding Defendant's Motion.

The EEO complaint contains some additional information regarding Plaintiff's hostile work environment claim. In his EEO complaint, Plaintiff alleges three incidents in which he faced harassment from a supervisor. *Id.* First, he alleges that his supervisor harassed him by calling him at home while he was out on sick leave. *Id.* Second, he alleges that his supervisor harassed him by requiring him to return to work after a doctor's appointment. *Id.* Third, he alleges that his supervisor harassed him by requiring him to work overtime during a long weekend. *Id.* However, nowhere in his Complaint or his EEO complaint does Plaintiff describe the disability from which he suffers. He also fails to allege facts which show that the harassment complained of affected a term, condition, or privilege of employment, or that the USPS knew or should have known of the harassment and failed to take prompt, remedial action. Accordingly, Plaintiff fails to state a hostile work environment claim.

Turning to Plaintiff's retaliation claim, while Plaintiff alleges in his Complaint that he filed an EEO complaint nine years prior to being harassed, Compl. 2, Plaintiff fails to allege that he suffered an adverse employment decision. Moreover, the EEO complaint does not provide any additional facts to support Plaintiff's retaliation claim. Thus, Plaintiff also fails to state a claim for retaliation.

In his Response, Plaintiff requested that he be granted leave to amend his Complaint should the Court grant Defendant's Motion. Resp. 4. A court may deny a plaintiff leave to amend if such an amendment would be futile. *Briggs v. Mississippi,* 331 F.3d 499, 508 (5th Cir. 2003). However, given the paucity of factual allegations in Plaintiff's Complaint, the Court cannot determine that an amendment would be futile. Thus, the Court will allow Plaintiff leave to amend.

## IV. CONCLUSION

The Court concludes that Plaintiff's Complaint should be dismissed, and that Plaintiff should be granted leave to amend his Complaint.

Accordingly, **IT IS ORDERED** that Defendant Megan J. Brennan's "Amended Motion to Dismiss" (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Arturo Cervera's "Response in Opposition to Defendant's Amended Motion to Dismiss, and in the Alternative, Plaintiff's Motion for Leave to Amend Complaint" (ECF No. 13) is **GRANTED IN PART**. Should Plaintiff choose to amend his complaint, he must **FILE** his amended complaint by no later than **May 29, 2015 at 12:00 p.m. Mountain Time**. Failure to file an amended complaint by May 29, 2015 at 12:00 p.m. Mountain Time will result in dismissal of the above-captioned cause.

SIGNED this __12__ day of May, 2015.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE